IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2004 Session

**CHRISTA A. AVENELL v. JAMES ALLEN GIBSON**

**Direct Appeal from the Chancery Court for Blount County**
**No. 03-046     Hon. Telford E. Forgety, Jr., Chancellor**

_____

**No. E2004-01620-COA-R3-CV  - FILED FEBRUARY 28, 2005**

_____


**DISSENTING OPINION**


I agree with the majority opinion's analysis until it undertakes consideration of the 1988 amendment to Tenn. Code Ann. § 45-2-703(a).  As quoted in the majority opinion, the amendment states:

> Any balance so created, *including*, without limitation, *any balance held by spouses*, shall be subject to assignment by, or the claim of any creditor of, either depositor, as if such depositor were the sole owner of the funds; provided that is such creditor realizes its claim by any means other than enforcement of an assignment, pledge, or the grant of a security interest made by any one (1) of such depositors, any other depositor not indebted to the creditor may, by commencing a separate action against the creditor, establish such rights as that depositor may have in the funds.

The majority argues this amendment was merely a clarification, i.e., "that all accounts were subject to the claims of creditors, including those held by spouses", and was solely for the benefit of banks.

In my view, the quoted language is not ambiguous and under the familiar rules, we are required to give every word in the statute its ordinary and accepted meaning, and give effect to it.  Clearly, the provision literally applies to "any balance held by spouses", which includes any balances created under the rubric of tenants by the entireties.  Likewise, the remaining provision authorizing the "other depositor" to establish his or her rights to the funds applies to any balance "including . . . any balance held by spouses."

I would hold as the Chancellor did, that the legislature intended that a debtor can no longer place his assets beyond reach of his creditors by simply creating a tenants by the entireties account and placing his assets in such an account.  This legislation protects the innocent spouse if the fund in fact was placed in the account by the spouse who owes a creditor nothing.

The majority argues that had the legislature intended to include such accounts in the entire scope of the statute, that it would have done so with the "clearest of language". I disagree. Had the legislature intended to exempt tenants by the entireties accounts from the scope of these provisions, it would have so expressed and would not have burdened spouses with having to file a claim in court to protect these accounts.

I would affirm the Judgment of the Trial Court.

_____
HERSCHEL PICKENS FRANKS, P.J.